BGN

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Guadalupe Bujanda Arenas,
Petitioner,
v.
Markwayne Mullin, et al.,
Respondents.

No. CV-26-05565-PHX-KML

**ORDER**

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.)

The Court ordered Respondents to show cause why the Petition should not be granted. (Doc. 4.) In the Supplemental Response, Respondents state: "Given the Petitioner's recent Cancellation of Removal Grant from the Immigration Judge (*See* Doc. 9), this suffices as a material change in circumstances warranting a new bond hearing for Petitioner. As a result, Respondents do not oppose a bond hearing for Petitioner." (Doc. 10.) The Court accepts this concession as non-opposition to granting the Petition in part and granting a bond hearing.

**IT IS ORDERED:**

(1) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted in part** as described herein.

(2) Respondents must provide Petitioner a bond redetermination hearing that complies with the procedural requirements set out in *Singh v. Holder*, 638 F.3d 1196 (9th

Cir. 2011), at which Respondents bear the burden of proof by clear and convincing evidence, within **seven (7)** days of the date of this order, or release Petitioner from custody.

(3) Respondents must provide a notice of compliance within **three days** of releasing Petitioner or providing Petitioner a bond hearing.

(4) Any pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 28th day of October, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**